CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

03/06/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:06-cr-00024 |
| v. | MEMORANDUM OPINION |
| KIRKLAND JEROME JONES, JR., *Defendant*. | JUDGE NORMAN K. MOON |

Defendant Kirkland Jerome Jones, Jr. ("Defendant") has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 45). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

A multi-count indictment was filed against Defendant on August 17, 2006. (Dkt. 3). On December 20, 2006, Defendant entered a written plea agreement and pled guilty to Count Two, possession with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), and Count Four, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Dkts. 21–23). Defendant later filed a motion to reduce his sentence pursuant to Amendment 706. (Dkt. 31). This Court granted that motion and reduced Defendant's sentence to 180 months, the total mandatory minimum sentence. (Dkt. 33). Defendant then filed this motion pursuant to the newly enacted First Step Act. (Dkt.45).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is

1

defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010)[1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A) was increased from fifty grams to 280 grams. *Id*.

At the time of Defendant's sentencing, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. (Dkt. 48). Defendant was ultimately sentenced to a total of 181 months imprisonment, 121 for the violation of § 841(b)(1)(A) and 60 months for the violation of § 924(c). Pursuant to retroactive guideline Amendment 706, Defendant's sentence was reduced to 180 months, 120 months plus 60 months, which was the total mandatory minimum sentence. (Dkt. 33). Under the First Step Act, the guideline range for Defendant's violation of § 841(b)(1)(A) is 63–78 months' imprisonment. (Dkt. 41). The guideline sentence for his violation of § 924(c) remains 60 months. (*Id.*).

The Court has been advised that Defendant's projected release date is February 28, 2020. The Government does not dispute that a reduction is appropriate in this case, (dkt. 48), and Defendant agrees that "a guideline sentence 'but not less than time served,' to be followed by four years of supervised release," is proper. (Dkt. 50). After a review of the record and consideration of the factors set forth in § 3553(a), the Court determines that a reduction of Defendant's sentence to 138 months,[2] but not less than time served, is sufficient, but not greater than necessary to comply with the purposes set forth in § 3553. *See United States v. Clark*, No. 5:03-cr-30093 (W.D. Va. Feb. 13, 2019) (reasoning that a sentence of time served would best serve the need to protect the public and deter future and noting "that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a

---

[2]   The 138 month total is the result of a reduction to Defendant's sentence on Count Two from 120 months to 78 months imprisonment. Defendant's sentence of 60 months for Count Four remains unchanged.

defendant already had served more than the applicable guideline range."). All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 6th day of March 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE